# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1267
_____

Qwest Corporation

*Plaintiff - Appellant*

v.

Minnesota Public Utilities Commission; David Boyd, in his official capacity as Chairman of the Minnesota Public Utilities Commission; J. Dennis O'Brien, in his official capacity as a member of the Minnesota Public Utilities Commission; Thomas Pugh, in his official capacity as a member of the Minnesota Public Utilities Commission; Phyllis Reha, in her official capacity as a member of the Minnesota Public Utilities Commission; Betsy Wergin, in her official capacity as a member of the Minnesota Public Utilities Commission

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: November 20, 2013
Filed: November 25, 2013
_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.
_____

RILEY, Chief Judge.

Qwest Corporation appeals from the order and judgment the district court entered on January 7, 2013, on remand from our decision in Qwest Corp. v. Minnesota Public Utilities Commission, 684 F.3d 721 (8th Cir. 2012). In Qwest, we held that the district court erred in upholding an April 23, 2010, order from the Minnesota Public Utilities Commission (commission). Id. at 722, 732. The commission's order had asserted it had authority under state law to regulate rates for certain telecommunication network elements that Qwest provided to its competitors voluntarily or as required by 47 U.S.C. § 271—a key part of the Telecommunications Act of 1996 (Act), Pub. L. No. 101–104, 110 Stat. 56 (codified as amended in scattered sections of Title 47 of the United States Code). Id. at 724-25, 732.

We concluded the commission's order was "preempted by the Act and the [Federal Communications Commission]'s implementing regulations and rulings." Id. at 732. "We reverse[d] the judgment of the district court, and remand[ed] to the district court to enter relief and judgment consistent with th[e] opinion." Id.

On remand, the district court determined that in Qwest we "held that the [c]ommission is preempted from regulating the rates of elements required by [§] 271, and did not reverse with regard to elements not required by [§] 271 but provided voluntarily." Concluding the commission's order "should not be vacated in its entirety," the district court ordered that the commission's order was only "preempted insofar as it regulates rates for elements required under [§] 271." That conclusion was in error.

To clarify, we held in Qwest that the commission's order was preempted in its entirety, and we reversed the district court's original judgment with respect to *both* the elements Qwest provides pursuant to § 271 *and* those it provides voluntarily. Id. at 722, 732. We again reverse the judgment of the district court and remand to the

district court with instructions to vacate the whole April 23, 2010 order of the commission as preempted by federal law and to enjoin the commission from enforcing the order in its entirety.

_____